UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS YODER,

Plaintiff,

CASE NO. 2:20-CV-12992
v.                                                        HON. ARTHUR J. TARNOW

SCOTT STEVENSON, ET AL.,

Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL, STAYING CASE IN PART, AND DIRECTING SERVICE

## I.  INTRODUCTION

Midland County Jail inmate Nicholas Yoder ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  He raises claims alleging defamation and false charges against him concerning his pending criminal case, as well as claims alleging a lack of protection from Covid-19 while confined at the Midland County Jail.  He names Midland County Sheriff Scott Stevenson, Midland County, Advanced Correctional Healthcare, union worker (and fellow inmate) Jakob Stillwell, Midland County Jail Lieutenant Amy Randall, Midland County

Jail Captain Jeff Derocher, and Midland County Jail Sergeant Paul Close as the defendants in this action.   Plaintiff sues Midland County and Advanced Correctional Healthcare in their official and personal capacities and sues the remaining defendants in their personal capacities.   Plaintiff seeks injunctive relief and monetary damages.   The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.   *See* 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).   The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915A.   A complaint is frivolous if it lacks an arguable basis in law or in fact.   *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the

federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## III.  DISCUSSION

### A.  Claims against Defendant Stillwell

As an initial matter, the Court finds that Plaintiff's claims against defendant Stillwell must be dismissed because he is a private individual, not a state actor subject to suit under 42 U.S.C. § 1983. *See  American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores, Mich.*, _ F.3d _, 2020 WL 5905062, *5 (6th Cir. Oct. 6, 2020) (citing *American*); *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (a plaintiff may not generally proceed under § 1983 against a private party).

To state a claim against a defendant under § 1983, a plaintiff must

demonstrate that the conduct which caused his alleged injury is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when:  (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor.  *Id.*; *see also Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (describing the three tests used to evaluate whether a private party can fairly be said to be a state actor – the public function test, the state compulsion test, and the nexus test).

Plaintiff attempts to meet this requirement by alleging that Stillwell conspired with other defendants who are state actors.  Private parties who conspire with public actors to violate constitutional rights act "under color" of state law for purposes of § 1983.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007).  To state a conspiracy claim under § 1983, a plaintiff must show:  (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in

furtherance of the conspiracy that deprived the plaintiff of his civil rights.  *Hooks*

*v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local*

*v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).   A plaintiff must plead the

conspiracy with some specificity.  *See Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th

Cir. 2020) (citing *Heyne v. Metropolitan Nashville Public Schs.*, 655 F.3d 556, 563

(6th Cir. 2011)); *Pahssen v. Merrill Comm. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir.

2012).

Plaintiff's conspiracy allegations are speculative, vague, and conclusory.

Conclusory allegations are insufficient to state a civil rights claim under § 1983,

*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523

U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir.

2009), including a conspiracy claim.  *See Horton v. Martin*, 137 F. App'x 773 (6th

Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff fails

to allege any plausible facts of a conspiracy among the defendants to demonstrate

state action by defendant Stillwell.  His claims against defendant Stillwell must

therefore be dismissed.

## B.  Defamation-Type Claims

Plaintiff's claims against the defendants for defamation (he uses the term

"calumny") are subject to dismissal because they are state law claims and do not

involve the violation of any rights secured by the federal Constitution or the laws

of the United States.  *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991)

("Defamation, by itself, is a tort actionable under the laws of most States, but not a

constitutional deprivation."); *Paul v. Davis*, 424 U.S. 693, 712-13 (1976)

(defamation claim not cognizable under § 1983); *Azar v. Conley*, 456 F.2d 1382,

1389 (6th Cir. 1972) ("Civil Rights Act does not give rise to a cause of action for

slander"); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 775 (M.D.

Tenn. 2009) (claims for libel and slander are not cognizable under § 1983); *see

also Harper v. (Unknown) Arkesteyn*, No. 19-1928, 2020 WL 4877518, *2 (6th

Cir. April 28, 2020) ("§ 1983 does not provide redress solely for state law

violations such as defamation").  Plaintiff's allegations of defamation, while

perhaps actionable under Michigan law, do not state claims upon which relief may

be granted under § 1983.  Consequently, such claims shall be dismissed.  This

dismissal is without prejudice to any state law claims brought in state court.  The

Court declines to exercise pendant jurisdiction over such claims.

### C.  False Charges/Pending Prosecution Claims

Plaintiff's claims against defendants Stevenson, Midland County, Randall,

Derocher, and Close alleging false charges and contesting his ongoing state criminal proceedings must be stayed.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  The underlying basis

for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Heck*, 512 U.S. at 486.

The United States Court of Appeals for the Sixth Circuit has ruled that *Heck* applies to civil rights actions filed by pretrial detainees.  *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing cases); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (*Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003) (pre-trial detainee's speedy trial and ineffective assistance claims barred by *Heck*); *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (pre-trial detainee's civil rights claim barred by *Heck*). The United Supreme Court, however, has since ruled that such claims should be stayed pending the outcome of the criminal case.  The Court explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citations omitted).  Consequently, because Plaintiff is a pretrial detainee who has pending state criminal proceedings

stemming from his allegations, the Court shall stay this portion of the civil rights case until completion of the state criminal case.

### D.  Lack of Protection from Covid-19 Claims

Plaintiff also alleges that he is not being sufficiently protected from Covid-19 while confined at the Midland County Jail.  Such allegations state potential claims for relief under § 1983 against remaining defendants Stevenson, Midland County, and Advanced Correctional Healthcare, survive the Court's initial screening process, and are not subject to dismissal at this time.

### IV.  CONCLUSION

For the reasons stated, the Court concludes that defendant Stillwell is not a state actor subject to suit in this action and that Plaintiff fails to state a claim upon which relief may be granted under in his complaint as to his allegations of defamation.  Accordingly, the Court **DISMISSES** defendant Stillwell and the defamation claim.

The Court further concludes that the claims of false charges and challenges to Plaintiff's pending state criminal proceedings involving defendants Stevenson, Midland County, Randall, Derocher, and Close should be stayed pending the outcome of his state criminal case.

Lastly, the Court concludes that Plaintiff states potential claims for relief against defendants Stevenson, Midland County, and Advanced Correctional Healthcare as to the claims concerning lack of sufficient protection from Covid-19 while confined at the Midland County Jail such that those claims are not subject to summary dismissal.  Accordingly, the Court **DIRECTS** that a copy of the complaint and a copy of this order be served upon defendants Stevenson, Midland County, and Advanced Correctional Healthcare by the United States Marshal without prepayment of costs.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

 s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2021