UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS YODER,

                Plaintiff,        Civil Action No. 20-12992

v.                                    Arthur J. Tarnow
                                        United States District Judge

SCOTT STEVENSON,             David R. Grand
*et al.*,                                   United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT OR TO DISMISS (ECF No. 19)
AND PLAINTIFF'S MOTION TO DISMISS (ECF No. 27), AND TO *SUA
SPONTE* DISMISS FOR FAILURE TO STATE A CLAIM**

*Pro se* plaintiff Nicholas Yoder ("Yoder"), an incarcerated person, brings this civil action pursuant to 42 U.S.C. § 1983, against Midland County and several of its employees (collectively, the "Midland County Defendants"), and Advanced Correctional Healthcare ("ACH"). (ECF No. 1). An Order of Reference was entered on April 20, 2021, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 17).

On May 7, 2021, ACH filed a motion for summary judgment or to dismiss. (ECF No. 19).[1] Yoder did not file a response to ACH's motion, but filed his own motion to voluntarily dismiss his case on July 27, 2021. (ECF No. 27). The Midland County

---

[1] The Midland County Defendants filed an answer to the complaint (ECF No. 16), but have not filed a dispositive motion at this time.

Defendants filed a response to Yoder's motion on August 17, 2021, and ACH filed a response on August 25, 2021. (ECF Nos. 28, 29). Yoder did not file a reply.

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that ACH's Motion for Summary Judgment or to Dismiss **(ECF No. 19)** be **GRANTED**, and Yoder's Motion to Voluntarily Dismiss **(ECF No. 27)** be **GRANTED IN PART AND DENIED AS MOOT IN PART**. **IT IS FURTHER RECOMMENDED** that Yoder's Eighth Amendment claim against defendant Midland County, as well as his Fourteenth Amendment Equal Protection claim against defendants ACH and Midland County, be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II.  REPORT

### A.  Background

Yoder is a pretrial detainee who is currently confined at the Midland County Jail ("MCJ") in Midland, Michigan. He brings this § 1983 civil rights action *in forma pauperis*, alleging claims concerning a lack of protection from Covid-19 while confined at MCJ against defendants Midland County, ACH, and Midland County Sheriff Scott Stevenson ("Stevenson"); claims of false charges regarding his pending state criminal case against defendants Midland County, Stevenson, MCJ Lieutenant Amy Randall ("Randall"), MCJ

Captain Jeff Derocher ("Derocher"), and MCJ Sergeant Paul Close ("Close"); and a defamation claim. (ECF Nos. 1, 4).

On January 13, 2021, the Honorable Arthur J. Tarnow screened the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (ECF No. 7). Judge Tarnow concluded that Yoder "states potential claims for relief against defendants Stevenson, Midland County, and Advanced Correctional Healthcare as to the claims concerning lack of sufficient protection from Covid-19 while confined at MCJ such that those claims are not subject to summary dismissal," but otherwise dismissed the defamation claim and stayed all "claims of false charges and challenges to Plaintiff's pending state criminal proceedings involving defendants Stevenson, Midland County, Randall, Derocher, and Close . . . pending the outcome of his state criminal case." (*Id.*, PageID.74-75).

Thus, as to the relevant claims concerning a lack of protection from Covid-19, Yoder alleges in his complaint that MCJ's "poor quarantine tactics" have "forced [him] to be together with inmates" who were "exposed [to] Covid 19," and that he had at certain times been "forced in living quarters" with three inmates who "tested positive of Covid-19 within [the] last few months." (ECF No. 1, PageID.9-10). He contends that the "quarantine process is pointless" because there are "new intakes [of prisoners] daily," there is no "inmate testing upon arrival for coronavirus and nonsymptomatic people [who] can harbor the virus," and there is no "mandatory" testing for "kitchen workers handling our food [or] corrections officers who enter pods every hour of the day." (*Id.*, PageID.9). He also alleges that prisoners are not provided proper "PPE," such as "antibacterial soap or bleach to clean

3

hands, rooms, or pods properly." (*Id.*, PageID.9, 12). Finally, he asserts that ACH does not utilize "safe practices," such as "social distancing," "cleaning housing with gloves [and] antibacterial cleaning supplies." (*Id.*, PageID.11).

Yoder does not contend that he tested positive for Covid-19, or that he ever became ill from the virus. Instead, he merely asserts that he has been forced "to live with stress and constant worry of trying to fight to stay sanitary to stay alive [from Covid-19]," and that such "cruel/unusual punishment/living conditions" is a "violation [of the] 8th Amendment." (*Id.*, PageID.9, 11). He also states that he was deprived of "Equal Protection of law from apparent dangers of Covid-19 and the risks of negligence of testing for Covid-19," and asserts a violation of his rights under the "Equal Protection Clause that guarantees our safety by the Constitution." (*Id.*, PageID.6). As a result of such violations, he contends that he sustained injuries in the form of "deep psychological, emotional, mental pain and stress" from "fear of contracting Covid 19." (*Id.*, PageID.12). As for relief, Yoder seeks, in relevant part, "$2,000 a day for lack of medical conduct/protocol during pandemic outbreak" against ACH, and "$5,000 a day for wrongful incarceration, loss of liberty, personal humiliation, and violation of 1st, 4th, 8th Amendment (Cruel/Unusual Punishment)" against Midland County. (*Id.*).

Attached to Yoder's complaint is an Administrative Note from the Bureau of Prisons Health Services dated May 1, 2020, concerning a fellow inmate, which states, "Positive test for Covid-19. Will transfer to isolation unit." (*Id.*, PageID.22-23).

4

ACH now moves for summary judgment or dismissal of Yoder's Eighth Amendment claim.[2] Yoder separately moves for voluntary dismissal of his claims against individual defendants Stevenson, Randall, Derocher, and Close, and seeks to consolidate his remaining claims against Midland County and ACH with another federal case in the Eastern District of Michigan.

### B. Standards of Review

#### 1. Motion to Dismiss

##### a. Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[2] To date, Yoder has not filed a response to ACH's motion for summary judgment. As background, after ACH filed its motion on May 7, 2021 (ECF No. 19), the Court issued an order requiring a response by May 28, 2021. (ECF No. 20). When Yoder did not file a response despite the passage of the deadline, the Court issued an Order to Show Cause ("OSC") on June 29, 2021, ordering him to respond to the OSC or file a response to ACH's motion by July 16, 2021. (ECF No. 21). However, on July 14, 2021, the Court docketed a motion for an extension of time that had been mailed on May 15, 2021, in which Yoder sought "an adjournment on these matters as I am finding the legalese to be hard to completely understand and I am currently seeking legal guidance . . . ." (ECF No. 22, PageID.137). Considering this motion, on July 25, 2021, the Court issued an Amended OSC, stating that "it has already been two months since Plaintiff mailed his request for an adjournment, which should have given him sufficient time to enlist help and/or respond to [ACH's] pending summary judgment motion," but nonetheless "giving Plaintiff an additional period of time to file his response to Defendant's motion" until August 6, 2021. (ECF No. 23, PageID.140). Later, on August 10th and 11th, the Court docketed Yoder's response to the Amended OSC dated July 26th, in which he stated, "I guess I don't understand what is being asked of me" because he had already responded to defendants' discovery requests (ECF No. 26, PageID.181), and Yoder's motion to voluntarily dismiss dated July 27th (ECF No. 27), respectively. The Court's orders requiring Yoder's response to ACH's motion have been clear, and Yoder's failure to provide a response is grounds for the Court to grant the motion as unopposed. Nevertheless, for the sake of completeness, the Court will analyze the issues raised therein.

5

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### b. Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2)

Fed. R. Civ. P. 41(a) governs voluntary dismissal in federal court. A plaintiff is permitted to voluntarily dismiss an action, without prejudice, without a court order: (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). However, once a defendant has served an

answer to the complaint or filed a motion for summary judgment, and in the absence of a filed stipulation, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit. Fed. R. Civ. P. 41(a)(2). The court may grant a request for voluntary dismissal "on terms that the court considers proper," and unless the order states otherwise, a dismissal is without prejudice. *Id.*

Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). An "abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice …." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quotations omitted). Thus, "a district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quiktrak, Inc. v. Hoffman*, No. 1:05-CV-384, 2005 WL 2465735, at *2 (W.D. Mich. Oct. 6, 2005) (quotations omitted).

2. **Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's

evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

    **C.    Analysis**

        **1. Yoder's Motion to Voluntarily Dismiss**

Yoder filed a motion to voluntarily dismiss his case, which states as follows:

> I [] motion this honorable court to dismiss my current complaint against Scott Stevenson, Amy Rand[a]ll, and Jeffery Derocher, Paul Close with prejudice. Furthermore, I request to insert notification reservation of my rights under UCC 1-208/1-207. For the remaining defendants Midland County and Advanced Correctional Healthcare, I am asking this honorable court to hold them responsible for not following Governor Gretchen Whitmer's safety and health ordinance signed into

>   law March 2020.  I also request that with the remaining 2 defendants that my case be consolidated with current ongoing case No. 20-CV-11708 . . . [and to] add me as a movant to that case and if possible through my termination of [this instant case] except that the cancelling party also retain any remedy.  I want to follow the strict liability of Respondeat Superior-Doctrine applies only when relation of master and servant existed between defendant and wrongdoer at time of injury sued for, in respect to very transaction from which it arose.

(ECF No. 27, PageID.195).  Because there is no filed stipulation for voluntary dismissal, and the Midland County Defendants served an answer and ACH filed a motion for summary judgment or to dismiss prior to Yoder's motion, Yoder is only permitted to voluntarily dismiss his action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, Yoder clearly states in his motion that he seeks to dismiss his complaint against individual defendants Stevenson, Randall, Derocher, and Close "***with prejudice***." (ECF No. 27, PageID.195) (emphasis added).  In turn, the Midland County Defendants respond that "Stephenson, Randall, Derocher, and Close agree that the case against them should be dismissed in its entirety, with prejudice." (ECF No. 28, PageID.201).  Because all concerned parties agree to dismissal with prejudice of all claims in this case against Stevenson, Randall, Derocher, and Close, those claims should be dismissed with prejudice. Fed. R. Civ. P. 41(a)(2).

As to "the remaining defendants Midland County and [ACH]," Yoder does not seek dismissal, but instead asks the Court "to hold them responsible" on his Covid-19 claims and "also request[s]" that his case as to these two defendants be "consolidated with current ongoing Case No. 20-CV-11708." (ECF No. 27, PageID.195).  In response, defendants

Midland County and ACH object to Yoder's request to consolidate. (ECF No. 28, PageID.201; ECF No. 29, PageID.206). Without regard to its merits, Yoder's request for consolidation is moot, given that Case No. 20-11708 was closed after the Honorable Paul D. Borman entered judgment dismissing plaintiffs' claims against defendants in that case on August 31, 2021. *See Scouten v. Advanced Correctional Healthcare, Inc.*, No. 20-11708, 2021 WL 3883267 (E.D. Mich. Aug. 31, 2021). Thus, Yoder's request for consolidation should be denied as moot.

Finally, because Yoder does not otherwise seek to voluntarily dismiss his claims against defendants Midland County or ACH, his remaining claims against these two defendants are not subject to voluntary dismissal.[3]

### 2. ACH's Motion for Summary Judgment or to Dismiss

In its motion, ACH argues for summary judgment on the premise that Yoder "fail[ed] to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e)," which "precludes [his] Eighth Amendment claims" against ACH. (ECF No. 19, PageID.108, 119, 131). 42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

The Sixth Circuit has also made clear that Eighth Amendment claims that are based

---

[3] Based on the above, the Midland County Defendant's response attempting to include defendant Midland County as part of their request to "grant Plaintiff's motion and dismiss this case against these defendants with prejudice pursuant to Fed. R. Civ. P[.] 41(a)(2)" is misguided. (ECF No. 28, PageID.202).

on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. For instance, in *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008), the Sixth Circuit wrote, "Even if we read his complaint to allege emotional or mental injuries, [the prisoner] cannot bring an Eighth Amendment claim for such injuries because he did not allege a physical injury." *Harden-Bey*, 524 F.3d at 795-96 (citing 42 U.S.C. § 1997e(e) and *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. May 7, 2002) (per curiam) (denying an inmate's Eighth Amendment claim because the inmate did "not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury") (quotation omitted)).

Here, the Court agrees with ACH that "Plaintiff does not claim he contracted COVID-19 [] nor does he claim he sustained any physical injury" as a result of the prison conditions he complains about, but instead raises claims "only relate[d] to psychological, emotional, and mental injury," which "cannot be sustained under the PLRA." (ECF No. 19, PageID.124-25). Yoder's complaint clearly reflects that he seeks relief against ACH in the form of "$2,000 a day for lack of medical conduct/protocol during pandemic outbreak" based solely on allegations that he sustained "psychological, emotional, mental pain and stress" from a "*fear* of contracting Covid 19" under "unsafe" or "unclean" living conditions. (ECF No. 1, PageID.12) (emphasis added).

However, in the absence of any allegations that Yoder suffered some form of "physical injury," 42 U.S.C. § 1997e(e), as a result of the allegedly inadequate Covid-19

11

safety measures at MCJ, his alleged mental and emotional injuries fail to state an Eighth Amendment claim. *See Arnold v. St. Clair Cty. Intervention Ctr.*, No. CV 20-11410, 2020 WL 4700812, at *4 (E.D. Mich. Aug. 13, 2020) ("Unlike Plaintiff Smith, who asserts that he was infected with COVID-19, Plaintiff Arnold has alleged no physical injury and will be dismissed from the Complaint with prejudice."); *Johnson v. Upton*, No. 5:20-CV-138, 2021 WL 1705221, at *2 (S.D. Ga. Apr. 6, 2021), report and recommendation adopted, No. 5:20-CV-138, 2021 WL 1700464 (S.D. Ga. Apr. 29, 2021) ("Plaintiff's sole claim is Defendants caused him to live in fear of contracting COVID-19, which is not a physical injury."). Thus, because § 1997e(e) precludes Yoder's Eighth Amendment claim, ACH's motion should be granted. *See Harden-Bey*, 524 F.3d at 795-96.[4]

Yoder's complaint against ACH is also subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In its motion, ACH alternatively argues that Yoder failed to state a claim because his "factual references do not outline how ACH has any influence or control over [any of the] custodial issues" he alleges are insufficient to protect him from Covid-19. (ECF No. 19, PageID.126-27). ACH also asserts that it is "a private corporation providing health care services to prison inmates and cannot be held liable under

---

[4] Although the Midland County Defendants have not filed their own dispositive motion, having now considered ACH's arguments regarding Yoder's failure to satisfy § 1997e(e)'s physical injury requirement, and with Yoder not having responded to them, the Court finds that there is no reason not to apply those same arguments to his Eighth Amendment claim against Midland County. *See* 42 U.S.C. § 1997e(c)(1) (stating that, under the PLRA, the Court shall *sua sponte* dismiss a prisoner's § 1983 suit "at any time" if it determines that the action is frivolous or fails to state a claim upon which relief can be granted); *see also* 28 U.S.C. § 1915(e)(2)(B) (imposing same requirements for complaints filed *in forma pauperis*). Accordingly, Yoder's Eighth Amendment claim against defendant Midland County should be dismissed pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B).

§ 1983 on the basis of *respondeat superior* or vicarious liability," and that Yoder otherwise failed to sufficiently "plead specific facts proximately linking an unconstitutional policy, practice, and custom of ACH to a specific injury" for a *Monell* claim. (*Id.*, PageID.128-31).

Private corporations like ACH that perform "a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014) (quoting *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (quotation marks omitted). Nonetheless, such "private corporations cannot be held liable on the basis of respondeat superior or vicarious liability." *Id.* Rather, a plaintiff must prove both "that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Id.* (citations omitted); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (holding that § 1983 claims against municipalities can only be brought when "execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983"). Indeed, the Sixth Circuit has specifically held that like a municipal corporation, a private health care corporation's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *see also Doss v. Corizon Med. Corp.*, No. 18-11930, 2019 WL 3842851, at *3 (E.D. Mich. Aug. 15, 2019).

Even liberally construed, Yoder's complaint fails to make sufficient factual allegations to state a *Monell* claim against ACH. None of his allegations suggest the

13

existence of any illegal official policy or a custom of tolerating federal rights violations, much less such a policy or custom employed specifically by ACH. *See Bell v. Mich. Dep't of Corr.*, No. 21-11571, 2021 WL 3422337, at *3 ("Section 1983 permits suit against a private entity that contracts to perform traditional state functions, but that contractor is only liable under a *Monell* claim for a policy or custom of that private contractor, rather than a policy or custom of a governmental entity") (quotations omitted)). Moreover, he does not allege any specific facts as to what part or influence – if any – ACH had in implementing Covid-19 safety measures at MCJ.

In short, Yoder's single, conclusory allegation against ACH specifically – that it "chooses not to abide with safe practices[,] social distancing," and does not allow him to "be able to clean housing with gloves antibacterial cleaning supplies" – falls well short of connecting any alleged inadequacies in Covid-19 protections to a specific policy or custom by ACH that violates his constitutional rights. (ECF No. 1, PageID.11); *see Bell*, 2021 WL 3422337, at *3. Thus, Yoder fails to state an Eighth Amendment claim against ACH, and ACH is entitled to dismissal of that claim under Fed. R. Civ. P. 12(b)(6), as well.

### 3. Dismissal of Yoder's Fourteenth Amendment Equal Protection Claim under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B)

In his complaint, Yoder alleges that the inadequate Covid-19 safeguards at MCJ violated the "Equal Protection Clause" of the Fourteenth Amendment. (ECF No. 1, PageID.6). Notably, ACH's motion does not specifically address this Fourteenth Amendment claim, and the Midland County Defendants have not filed a dispositive motion at this time. Nonetheless, under the PLRA, the Court shall *sua sponte* dismiss a prisoner's

§ 1983 suit "at any time" if it determines that the action is frivolous or fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (imposing same requirements for complaints filed *in forma pauperis*). Thus, to the extent Yoder asserts a violation of the Fourteenth Amendment's Equal Protection Clause, the Court finds that he fails to state a claim, given that he sets forth no allegations suggesting any form of discrimination, much less intentional or purposeful discrimination. *See Abdullah v. Fard*, No. 97-3935, 1999 WL 98529, at *2 (6th Cir. 1999) (stating that to establish an equal protection violation, plaintiff must show that defendants "intentionally discriminated against him and that their behavior was motivated by purposeful discrimination") (citing *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977). Accordingly, Yoder's Fourteenth Amendment claim should be dismissed pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B).[5]

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that ACH's Motion for Summary Judgment or to Dismiss **(ECF No. 19)** be **GRANTED** as to Yoder's Eighth Amendment claim, and Yoder's Motion to Voluntarily Dismiss **(ECF No. 27)** be **GRANTED** as to his request for dismissal with prejudice of all claims against defendants Stevenson, Randall, Derocher, and Close, but **DENIED AS MOOT** as to his request for

---

[5] The Court notes that Yoder's "False Charges/Pending Prosecution Claims" against defendant Midland County remain pending in this case and have been stayed "until completion of the state criminal case." (ECF No. 7, PageID.71-74). To the extent defendant Midland County believes it is entitled to dismissal of those claims, it must file a dispositive motion for such relief at the appropriate time.

consolidation.  **IT IS FURTHER RECOMMENDED** that Yoder's Eighth Amendment claim against defendant Midland County, as well as his Fourteenth Amendment Equal Protection claim against defendants ACH and Midland County, be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B).  Assuming the adoption of this Report and Recommendation, Yoder's only remaining claims in this action will be the ones against Midland County that have been stayed pending resolution of his state criminal proceedings.

Dated: December 20, 2021                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also*

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2021.

                                                s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager